UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

LOVETT BROOKS, on his own
behalf and on behalf of those
similarly situated,

      Plaintiff(s),

CASE NO.: 5:14-CV-159

vs.

TUCKER COMMUNICATIONS
INC.,

      Defendant
_____/

COMPLAINT & DEMAND FOR JURY TRIAL
(Collective Action Complaint)

Plaintiff, LOVETT BROOKS, on his own behalf and on behalf of those similarly situated ("Plaintiff"), was an employee of Defendant, TUCKER COMMUNICATIONS, INC., a Georgia Corporation ("Defendant"), and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

1

## I. NATURE OF SUIT

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

1. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

2. This action is intended to include each and every cable technician who worked for the Defendant at any time within the past three (3) years.

II. PARTIES

3. Plaintiff was a cable technician and performed related activities for Defendant in Thomaston, Georgia (Upson County).

4. Defendant, TUCKER COMMUNICATIONS, INC., provides cable services and has its headquarters in Thomaston, Georgia (Upson County), and therefore venue is proper in the Middle District of Georgia, Macon Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

III. JURISDICTION

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

6. The Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

IV. COVERAGE

7. At all material times during the last three years, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

8. At all material times during the last three years, Defendant was an employer as defined by 29 U.S.C. § 203(d).

9. At all material times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the Act, in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made

or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

## V. FACTUAL ALLEGATIONS

10. Defendant is in the Cable and other pay television services industry in Thomaston, Georgia (Upson County).

11. Plaintiff, LOVETT BROOKS, worked as a cable technician ("installer") for Defendant.

12. Plaintiff worked in this capacity from approximately August 2011 to April 12, 2013.

13. Plaintiff was paid a "piece rate" in exchange for work performed.

14. Defendant required Plaintiff and those similarly situated to him to work "off the clock" hours for which they were not compensated.

15. Defendant required its cable technicians to clock-out for a thirty (30) minute to a one hour "unpaid meal break" during their schedules.

16. During these mandatory "meal breaks", Plaintiff was working.

17. Plaintiff and those similarly situated to him routinely worked in excess of forty (40) hours per week as part of their regular job duties.

18. Virtually all of the cable technicians work well over forty (40) hours per week without overtime compensation.

19. Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff and those similarly situated to him overtime compensation at a rate of time and a half their regular rate of pay for hours worked over forty in a workweek.

20. Defendant has employed and is employing other individuals as cable installers who perform(ed) the same or similar job duties under the same pay provision as Plaintiff and the class members.

## VI. COLLECTIVE ACTION ALLEGATIONS

21.   Plaintiff and the class members performed the same or similar job duties as one another in that they provided cable installation services for Defendant.

22.   Further, Plaintiff and the class members were subjected to the same pay provisions in that they were paid by the job and not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek.  Thus, the class members are owed overtime wages as Plaintiff.

23.   Defendant's failure to compensate employees for hours worked in excess of 40 hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that cable installers are paid for overtime hours worked.

24.   This policy or practice was applicable to Plaintiff and the class members.  Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit.  Rather, the same policy or practice which resulted in

the non-payment of overtime to Plaintiff applies to all class members. Accordingly, the class members are properly defined as:

> All cable technicians who worked at Defendant within the last three years who were not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek.

25. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

26. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

27. During the relevant period, Defendant violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work

at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

28. Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

COUNT I - RECOVERY OF OVERTIME COMPENSATION

29. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-28 above.

30. Plaintiff, and those similarly situated to him, are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week. During his/their employment with Defendant, Plaintiff, and those similarly situated to him, regularly worked overtime hours but was/were not paid time and one half compensation for same.

31. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to him, time and one half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff, and those similarly situated to him,

has/have suffered damages plus incurring reasonable attorneys' fees and costs.

32. As a result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated to him, is/are entitled to liquidated damages.

33. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendant did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate. If liquidated damages are not awarded then prejudgment interest.

## COUNT II – DECLARATORY RELIEF

34. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-33 above.

35. Plaintiff and Defendant have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

36. The Court, also, has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

37. Plaintiff may obtain declaratory relief.

38. Defendant employed Plaintiff.

39. Defendant is an enterprise.

40. Plaintiff was individually covered by the FLSA.

41. Defendant failed to pay Plaintiff for all hours worked.

42. Plaintiff is entitled to overtime pursuant to 29 U.S.C. § 207(a)(1).

43. Plaintiff is entitled to the payment of all regular hours worked at no less than the statutory minimum wage;

44. Defendant did not keep accurate time records pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

45. Defendant did not rely upon a good faith defense.

wages, liquidated damages and reasonable attorneys' fees pursuant to the FLSA.

## DEMAND FOR JURY TRIAL

51. Plaintiff demands a jury trial on all issues so triable against Defendant.

Dated this 30th day of ~~March~~ April, 2014.

Respectfully submitted by,

_____
Deirdre M. Stephens-Johnson, Esquire
GABN: 678789
THE LAW OFFICE OF DEIRDRE M. STEPHENS-JOHNSON
4567 Rockbridge Rd #1537
Pina Lake, GA 30072
Telephone: (404) 537-3002
Facsimile: (404) 537-3003
Email: dsjohnsonlaw@gmail.com
*Attorneys for Plaintiff*